## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CLARENCE COMMINGS, #N-60964, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 11-cv-643-JPG |
| | ) | |
| MATTHEW FLOWERS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Clarence Commings, an inmate in Pontiac Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on an incident that occurred while Plaintiff was housed at Pinckneyville Correctional Center. Plaintiff is serving a fifteen year sentence for aggravated vehicular hijacking. Plaintiff is represented by counsel and has paid the filing fee in full. Defendant has been served with summons and has filed his answer and affirmative defenses by counsel (Doc. 9). This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

(a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief

can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its

face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Conversely, a complaint is

plausible on its face "when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

129 S. Ct. 1937, 1949 (2009).

Upon careful review of the complaint pursuant to § 1915A, the Court finds that Plaintiff's

claims merit further consideration.

**<u>The Complaint</u>**

During the month of May, 2010, the sink in Plaintiff's cell on the C-Wing of Pinckneyville

Correctional Center had a constant leak that caused flooding in the cell and a foul smell of

mildew.  Plaintiff made several complaints to Defendant Flowers and to other correctional officers

asking for repairs to be made, but no action was taken.  Plaintiff announced he would go on a

hunger strike, and wrote letters to other prison officials and to the governor, complaining of the

conditions and staff's refusal to make repairs.  Plaintiff asserts that Defendant Flowers was aware

of these actions.  Instead of attempting to remedy the cell conditions, Defendant threatened to

harm Plaintiff.

After Plaintiff's ongoing complaints about the cell continued to be ignored, Plaintiff

requested to be placed on suicide watch, but Defendant Flowers and other officers intercepted his

requests.  One such request did get through, and Plaintiff was removed from the cell and put into

a suicide watch cell for a time.  Upon Plaintiff's release from suicide watch, he was placed on the

A-Wing in cell 5-A-66, where he was housed on June 24, 2010.

On that date, Defendant Flowers was supervising the distribution of ice to inmates on Plaintiff's gallery.  Defendant opened the "chuckhole" door to Plaintiff's cell and yelled to Plaintiff to "put [his] fucking bowl on the chuckhole, now!" (Doc. 2, p. 5).  The chuckhole door has a hinge on the bottom and opens downward and out, creating a shelf where trays or other items can be passed in and out of the cell.  When opened, there is a small gap between the hinges and the solid door.  After Defendant Flowers opened the chuckhole door, Plaintiff placed his right hand on the open door, with his fourth finger resting in this gap.  As Plaintiff turned to reach his ice bowl with his other hand, Defendant Flowers slammed the chuckhole door closed, trapping the end of Plaintiff's finger and causing him great pain.  Plaintiff yelled to Defendant Flowers that his finger was trapped, but Defendant Flowers instead increased the pressure on the door, which would not latch because Plaintiff's finger prevented it from closing completely.  Defendant Flowers continued pushing on the door while cursing at Plaintiff, until the end of Plaintiff's finger was completely severed, and blood spattered from the wound.  Defendant Flowers then opened the chuckhole door, and the severed portion of Plaintiff's finger was in plain view resting on the door.  Defendant Flowers yelled, "You got blood all over me you piece of shit," and walked away (Doc. 2, p. 6).

Approximately ten minutes later, Plaintiff was removed from his cell by other officers, bleeding and in severe pain.  He was taken to the prison Health Care Unit, then to Pinckneyville Community Hospital, where doctors determined he needed more specialized treatment.  Plaintiff was then taken to Washington County Hospital, where surgery was required to remove damaged bone and tissue, and close the amputated area.  Plaintiff was treated with pain medication and

antibiotics upon his return to prison, but continues to suffer pain and loss of feeling in the injured finger.

To add insult to injury, Defendant Flowers filed a false disciplinary report against Plaintiff, claiming that Plaintiff reached out of the chuckhole, grabbed Defendant Flowers by the shirt, and slung blood on him.  Several days later, Plaintiff was found guilty of assaulting a staff member. As punishment, Plaintiff was put in disciplinary segregation for one year, given a disciplinary transfer to Pontiac Correctional Center, demoted to C grade for one year, and had visitation restricted for six months.

Before Plaintiff was transferred, Defendant Flowers came to Plaintiff's cell and told him, "I wish I could have chopped your whole fucking arm off" (Doc. 5, p. 8).  As a result of the alleged assault, threats, harassment, and unjustified placement in segregation in a maximum security prison, Plaintiff continues to suffer emotional distress and is under the care of a mental health professional.

### Discussion

Plaintiff's counsel has outlined four (4) counts based on the allegations in the complaint, and the Court shall adopt this organization of the claims.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.

### Count 1 - Excessive Force

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983.  *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992);

*DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action. . . . [The] prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10; *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

Plaintiff's allegations, which must be taken as true at this stage of the litigation, sufficiently state a claim that Defendant used force against him that was more than *de minimis*, and appeared to be applied intentionally to cause Plaintiff harm. As such, this portion of the complaint is not subject to dismissal at this time.

**Count 2 - Battery**

Plaintiff also asserts a state law claim for battery against Defendant Flowers, based on the same allegations that underlie his excessive force claim. Where a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008). "A loose factual connection is generally sufficient." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago,*

*Inc.,* 72 F.3d 1294, 1299 (7th Cir. 1995)).

Under Illinois state law, "[a] battery occurs when one 'intentionally or knowingly without legal justification and by any means, (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual.'" *Smith v. City of Chicago*, 242 F.3d 737, 744 (7th Cir. 2001) (quoting 720 ILL. COMP. STAT. 5/12–3(a)). The factual allegations in Plaintiff's complaint, at the pleadings stage, sufficiently outline intentional actions by Defendant Flowers which at a minimum constitute insulting or provoking physical contact, and allegedly caused Plaintiff serious bodily harm. Accordingly, the Court finds that supplemental jurisdiction is proper over Plaintiff's battery claim against Defendant Flowers. This claim likewise cannot be dismissed at this point in the litigation.

**Count 3 - Retaliation**

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). Naming the suit and the act of retaliation is all that is necessary to state a claim of improper retaliation. *Id.*

Here, Plaintiff alleges that Defendant Flowers' actions of threatening and harassing Plaintiff, slamming the chuckhole door on Plaintiff's finger, and filing a false disciplinary report against him, were all taken in retaliation for Plaintiff having raised repeated verbal and written complaints over the flooding conditions in his cell.

Even though some of these allegations would likely not be actionable in and of themselves, if the acts were taken in retaliation for the exercise of a constitutionally protected right, then they are actionable under § 1983.  *See Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009) (discussing *Howland v. Kilquist*, 833 F.2d 639, 644 (7th Cir. 1987) ("[A]n act in retaliation for the exercise of a constitutionally protected right is actionable under Section 1983 even if the act, when taken for different reasons, would have been proper.")); *see also Higgason v. Farley*, 83 F.3d 807, 810 (7th Cir. 1996) (per curiam) (retaliatory transfer of a prisoner); *Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996) (retaliatory delay in transferring prisoner); *Cornell v. Woods*, 69 F.3d 1383, 1389 (8th Cir. 1995) (retaliatory discipline).

At issue here is whether Plaintiff experienced an adverse action or actions that would likely deter First Amendment activity in the future, and if the First Amendment activity was "at least a motivating factor" in the Defendant's decision to take the retaliatory action. *Bridges*, 557 F.3d at 551.  This is a question that cannot be resolved at the pleadings stage of this case.  Thus, it is inappropriate to dismiss Plaintiff's retaliation claim at this time.

**Count 4 - Intentional Infliction of Emotional Distress**

As noted above in the discussion of Count 2, pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiff's related state law claims so long as they "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008).  Plaintiff alleges that Defendant Flowers' actions of refusing to remedy the flooding conditions in Plaintiff's cell, threatening Plaintiff, severing his finger in the chuckhole door, and after attacking Plaintiff, harassing him and filing a false disciplinary report on him, were extreme and outrageous, and were intended to inflict severe

emotional distress on Plaintiff.  Plaintiff states that he in fact suffered and continues to suffer severe emotional distress as a result of Defendant's conduct.

The allegations on which Plaintiff bases his claim for intentional infliction of emotional distress all derive from the same set of facts underlying his federal claims for excessive force and retaliation.  Therefore, supplemental jurisdiction is proper.

Finally, while the Civil Rights of Institutionalized Persons Act (42 U.S.C. § 1997e *et seq.*) prohibits an inmate's recovery for mental or emotional injury unless he makes a prior showing of physical injury, at this stage, Plaintiff has made the requisite allegations of physical injury by showing that Defendant Flowers was responsible for severing Plaintiff's finger.  *See* 42 U.S.C.A. § 1997e(e).  Accordingly, the claim is not subject to dismissal at this time.

**Disposition**

**IT IS HEREBY ORDERED** that, Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Frazier** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Frazier** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS SO ORDERED.**

**DATED:   September 7, 2011**

*s/J. Phil Gilbert*
**United States District Judge**